In re SPENCER.

. (District Court, D. Vermont. March 10, 1904.)

No. 1,125.

1. BANKRUPTCY—PROPERTY CONVEYED TO BANKRUPT BY MISTAKE—RESULTING TRUST.

By the will of her grandmother, a fund was left in trust for the benefit of a bankrupt, the trustee to have full control of it, and to use it for the beneficiary as she might need from time to time. The trustee arranged to invest the fund in a homestead to be conveyed to him, but used by the bankrupt, but by mistake the deed was made to the bankrupt. *Held*, that a trust resulted in favor of the trustee, who paid the purchase money, and the property became a part of the estate of the grandmother, and was not subject to the bankrupt's debts.

In Bankruptcy. On petition for sale of homestead.

Elisha May, for petitioner.
Harland B. Howe, for bankrupt.

WHEELER, District Judge. This cause has now been heard on a petition of Leon Le Marr, creditor in an attachment more than four months before the proceedings for the sale of an alleged homestead of the bankrupt subject to the lien of the attachment. The homestead came from the estate of the bankrupt's grandmother by will, which provided that: "Nevertheless Nettie's part shall be dealt out to her as she may need from time to time for her own use and comfort, but shall not be paid into the hands of her husband," and gave the executor "all the power and trust." The executor has been succeeded by an administrator de bonis non and trustee by appointment of the probate court, who arranged with the bankrupt to invest the trust fund in the homestead to be conveyed to him. The first payment of $100 was sent by the husband to the grantor, with directions to have the deed made to the trustee, but it was made to the bankrupt. The subsequent payments have been made by the bankrupt to replace advancements, and bring the trust property into the homestead in the hands of the trustee. It is familiar law that the payment of the consideration money of a deed made by fraud or mistake to another raises a trust by implication in favor of the payor. This is not affected by the statute requiring trusts to be shown by instrument in writing (V. S. § 2219), for trusts resulting or raised by implication of law are expressly excepted. This homestead is therefore now a part of the estate of the grandmother in the hands of the trustee, to be dealt out to the bankrupt by him as she may need for her use and benefit by letting her use it as he may see fit. It is no part of the bankrupt estate, either as a statutory homestead or otherwise, and did not become subject in any way to the petitioner's attachment, so as to create any lien upon it to be administered here. This is no hardship to the petitioner, whose debt, upon his own theory, was prior to any apparent ownership by the bankrupt, and could not have been induced by it.

Petition dismissed.